UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LATESHA WILLIAMS,

        **Plaintiff,**

   v.                              Civil Action 2:22-cv-3561
                                      Judge Michael H. Watson
                                      Magistrate Judge Chelsey M. Vascura

JARYAH BOBO, *et al.*,

        **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Second and Renewed Motion to Compel Discovery and Motion for Sanctions (ECF No. 52). For the following reasons, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

To begin with, Plaintiff's request to impose sanctions against Defendants under Federal Rule of Civil Procedure 37(b) is **DENIED**. Rule 37(b) provides for sanctions against a party who "fail[s] to comply with a court order." But Plaintiff has not identified any Court orders with which Defendants failed to comply. Instead, Plaintiff relies on Defendants' counsel's pattern of inconsistent communication and delay in producing documents in discovery. (*See* Pl.'s Mot. 11 n.5, ECF No. 52) ("It is this pattern of ignoring emails for weeks and then attempting to save face [only] minutes before a deadline that this court should sanction."). Because the conduct Plaintiff complains of falls outside the scope of Rule 37(b), no sanctions can be awarded.

Plaintiff's request to compel Defendant Jaryah Bobo to provide additional documents, however, is **GRANTED**. Plaintiff served her Second Set of Requests for Production of

Documents to Jaryah Bobo on November 13, 2023. (ECF No. 52-1, PAGEID #807–17.) Bobo served timely written responses on December 13, 2023. (ECF No. 45-1, PAGEID #663–77.) To each of the six requests for production at issue in Plaintiff's Motion (Request Nos. 1–2, 11–14), Bobo responded:

> Bobo objects to this request to the extent that it is duplicative and/or calls for the production of documents that have previously been produced. Subject to and without waiving that objection, responsive documents in Bobo's possession, custody or control that have not previously been produced, if any, are being collected and the protocol used for that search is being documented. That search protocol and any responsive documents will be produced to Plaintiff's counsel on or before December 22, 2023.

(*Id.*) Bobo did not, however, produce any documents on December 22, 2023. Instead, after Plaintiff filed her first motion for sanctions, Bobo made a document production on February 19, 2024. (*See* ECF Nos. 45, 48-4.) Plaintiff contends that this document production is deficient for three reasons. First, despite Request for Production Nos. 1 and 2 requesting all communications concerning the development of Black Card Revoked and the CFA products, the production contains no email or chat messages between Plaintiff and Bobo. Plaintiff represents that she and Bobo often communicated on these topics over Gmail and Google Chat via accounts to which Plaintiff no longer has access; therefore, she knows that additional responsive documents exist and cannot obtain those documents absent production by Bobo. Second, despite Request for Production Nos. 11–14 requesting documents concerning any assignments of licenses or rights in Black Card Revoked or the CFA Products, the production contains no documents related to these assignments. This omission conflicts with Bobo's deposition testimony that he assigned the relevant copyrights to Defendant Zahara Ariel LLC. Third, many documents that were produced are not in their native format and do not include their original metadata. Instead, Bobo has produced screenshots of various documents or created copies for production that contain

metadata only from the date of the copy's creation. Bobo does not dispute these specific assertions by Plaintiff.

The undersigned finds that Plaintiff's Request Nos. 1–2 and 11–14 from Plaintiff's Second Set of Requests for Production of Documents to Jaryah Bobo seek documents that are relevant and proportional to the needs of the case. Moreover, Bobo did not object to searching for and producing responsive documents to the extent that the requests were not duplicative of previous discovery efforts. Bobo is therefore **ORDERED** to produce documents responsive to these six requests, in native format with original metadata intact, to the extent that he has not already done so, **WITHIN THIRTY DAYS** of the date of this Order. The produced documents must each be assigned a unique identifier such as a Bates label or a unique file name. For clarity, as part of this production, Bobo must produce all responsive Gmail and Google Chat communications between the parties. Bobo must also supplement his written responses to these six requests to specify whether he located any responsive documents; if so, he must identify the native format responsive documents that have already been produced and produce and identify any native format responsive documents not yet produced. This production need not be made, as Plaintiff suggests, by simply granting Plaintiff editor access to the entirety of Bobo's Google Drive. Because the parties have both experienced difficulties in searching for, producing, and accessing Defendants' electronic documents, the Court strongly encourages the parties to consider the use of an e-discovery vendor to complete Bobo's production. The Court expresses no opinion at this time as to the allocation of the costs of any e-discovery vendor the parties might retain.

Plaintiff further seeks to compel Bobo to appear for continued deposition testimony. Bobo does not dispute Plaintiff's representation that Bobo agreed after his deposition on October

24, 2023, to appear for continued deposition testimony after further documents were produced. In fact, Bobo does not address his deposition at all in his opposition brief. (*See generally* ECF No. 53.)[1] Given Bobo's prior agreement to continue his deposition testimony and Bobo's deficient document production, Plaintiff's request to compel further deposition testimony from Bobo is **GRANTED**. Bobo must appear for his continued deposition **WITHIN FOURTEEN DAYS** of completing the document production ordered above.

Because Plaintiff's Motion is granted insofar as she seeks to compel further document production and deposition testimony under Rule 37(a), the Court "must" "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Accordingly, both Bobo and his counsel are jointly ordered to pay Plaintiff an amount equal to six hours of attorney's fees at Plaintiff's attorneys' hourly billing rate, **WITHIN THIRTY DAYS** of the date of this Order.

Bobo is **CAUTIONED** that failure to comply with this Order may result in the imposition of sanctions under Federal Rule of Civil Procedure 37(b).

Finally, the discovery period is extended *for the limited purpose* of completing the document production and deposition testimony ordered above until **JULY 26, 2024**. The dispositive motions deadline is extended to **AUGUST 26, 2024**.

---

[1] Defendants' counsel did state in email correspondence that he understood Bobo's agreement to re-appear was conditioned on Plaintiff's agreement to sit for deposition, even outside the discovery period. (*See* ECF No. 52-1, PAGEID #818.) Plaintiff's counsel further admits that he agreed to inquire about Plaintiff's availability for a deposition. (Pl.'s Reply 3 n. 3, ECF No. 54.) That said, Defendants have not moved the Court to compel Plaintiff's deposition testimony, and Plaintiff's obligation to appear for deposition is not presently before the Court.

**IT IS SO ORDERED.**

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE
