UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LATESHA WILLIAMS,

      Plaintiff,

  v.                                      Civil Action 2:22-cv-3561
                                               Judge Michael H. Watson
                                               Magistrate Judge Chelsey M. Vascura

JARYAH BOBO, *et al.*,

      Defendants.

**ORDER**

    This matter came before the Court for a telephonic discovery conference on August 22, 2024. All parties appeared and were represented by counsel. This Order memorializes that conference.

    Plaintiff requested the conference to address several deficiencies with Defendant Bobo's ESI production that allegedly violate the undersigned's Order compelling Defendant Bobo to produce documents responsive to certain discovery requests in native form with metadata intact. (*See* June 7, 2024 Order, ECF No. 55.) Plaintiff submitted the declaration of Jonathan Karchmer, an electronic technology specialist, outlining the various deficiencies in Defendant's production. (ECF No. 58-1.) After considering the parties' arguments and submissions, the undersigned agrees that Defendant failed to comply with the June 7, 2024 Order by failing to produce all documents in native form with intact metadata and by failing to produce attachments to the produced text messages. The undersigned notes, however, that Plaintiff failed to bring Mr. Karchmer's findings to Defendant's counsel's attention prior to seeking assistance from the

Court. The parties are reminded that S.D. Ohio Civ. R. 37.1 requires that they exhaust among themselves all extrajudicial means for resolving their differences before seeking Court intervention on a discovery dispute.

Further, counsel for Defendant Bobo failed to respond to Plaintiff's counsel's emails requesting that Bobo confirm his availability for his continued deposition. This failure also violated the June 7, 2024 Order, which required Bobo to appear for his deposition within fourteen days of completing his document production. The undersigned is not persuaded by Defendant's argument that he was not required to cooperate in scheduling his deposition unless Plaintiff served a formal notice of deposition.

Defendant was cautioned that failure to comply with the June 7, 2024 Order may result in the imposition of sanctions under Federal Rule of Civil Procedure 37(b). The violations of that Order summarized above therefore warrant the imposition of sanctions. Although Plaintiff requests entry of default judgment or that certain facts be taken as established for purposes of the action, lesser sanctions will cure Plaintiff's prejudice. Accordingly, Plaintiff's Oral Motion for Sanctions is **GRANTED IN PART and DENIED IN PART** as follows:

Defendant Bobo is **ORDERED** to retain, at Defendant Bobo's expense, an e-discovery vendor to assist him in making a document production that complies with the June 7, 2024 Order (ECF No. 55.) For clarity, the production will not be considered compliant unless (1) Defendant Bobo produces all documents responsive to Plaintiff's Request for Production Nos. 1–2 and 11–14, (2) those documents are produced in their original native format (i.e., not screenshots or converted PDFs), (3) those documents have intact, original metadata (i.e., not metadata from a copied or converted file), (4) each document is assigned a unique identifier such as a bates number or a unique file name, (5) document family relationships are preserved (such that emails

or text messages are produced with any attachments), and (6) the production is accompanied by a load file that includes relevant metadata (including, as applicable, beginning bates number, ending bates number, beginning family number, ending family number, file type, file name, sender name(s), recipient name(s), subject, creation date, and sent date) for each document.

Defendant Bobo is further **ORDERED** to appear for his deposition at a time and location noticed by Plaintiff under Federal Rule of Civil Procedure 30(b)(1).

Further, Defendant Bobo and his counsel are jointly **ORDERED** to pay Plaintiff an amount equal to five hours of attorney's fees at Plaintiff's attorneys' hourly billing rate, **WITHIN THIRTY DAYS** of the date of this Order.

Defendant Bobo is **CAUTIONED** that no further chances to make a compliant production will be granted and failure to comply with this Order will result in the imposition of further sanctions, up to and including entry of default judgment, under Federal Rule of Civil Procedure 37(b).

Finally, the discovery period is extended for the *limited purpose* of completing the document production and deposition testimony ordered above until **NOVEMBER 22, 2024**. The dispositive motions deadline is extended to **DECEMBER 23, 2024**.

IT IS SO ORDERED.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE